947 F.2d 943
 1992 O.S.H.D. (CCH) P 29,605
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dennis Lee WAGNER, Petitioner,
v.
Lynn MARTIN, Secretary of Labor, United States Department of
Labor; Gerald Sloce; Kenneth Howard; Federal
Mine Safety & Health Review Commission,
Respondents.
 No. 91-2025.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 30, 1991.
Decided Nov. 5, 1991.
 
 On Petition for Review of an Order of the Federal Mine Safety and Health Review Commission.
 Argued: Jerry Oscar Talton, Jr., Front Royal, Va., for petitioner; Ellen Leslie Beard, United States Department of Labor, Washington, D.C., for respondents.
 On Brief: Robert P. Davis, Solicitor of Labor, Allen H. Feldman, Associate Solicitor for Special Appellate and Supreme Court Litigation, Kerry L. Adams, Counsel for Appellate Litigation, United States Department of Labor, L. Joseph Ferrara, Federal Mine Safety and Health Review Commission, Washington, D.C., for respondents.
 
 FMSHRC
 
 1
 AFFIRMED.
 
 
 2
 Before DONALD RUSSELL and NIEMEYER, Circuit Judges, and HENRY M. HERLONG, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 
 OPINION
 PER CURIAM:
 
 3
 Dennis Wagner petitions this court for review of a June 6, 1990 order of the Federal Mine Safety and Health Review Commission determining that individual employees of the Labor Department's Mine Safety and Health Administration are not within the definition of "persons" who may be liable for discrimination against miners in violation of section 105(c) of the Federal Mine Safety and Health Act (Mine Act), 30 U.S.C. § 815(c). Finding that employees of the Mine Safety and Health Administration acting within the scope of their employment are not "persons" who may be liable under section 105(c), we affirm the Commission's order.
 
 I.
 
 4
 In June of 1987, Petitioner Dennis Wagner was employed as a miner at the Clinchfield Coal Company mine near McLure, Virginia, where Wagner also served as an elected safety committeeman of the United Mine Workers of America. As safety committeeman, Wagner was a representative of miners authorized under the Mine Act, 30 U.S.C. § 813(f), to accompany federal officials on their physical inspections of the coal mine's facilities. During an inspection of the Clinchfield Coal mine on June 23, 1987, Wagner pointed out a safety violation to the Mine Safety and Health Administration's mine inspector, Gerald Sloce. Inspector Sloce in turn informed Clinchfield Coal's safety inspector, Wayne Fields, that Wagner had reported the safety violation. Clinchfield Coal subsequently notified Wagner of his suspension from employment and Clinchfield Coal's intention to discharge Wagner due, in part, to Wagner's violation of a Clinchfield Coal policy requiring miners to first report safety violations to Clinchfield Coal before communicating them to the Labor Department's Mine Safety and Health Administration (MSHA).
 
 II.
 
 5
 Petitioner Wagner filed a discrimination complaint with MSHA against Clinchfield Coal Company, its owner Pittston Coal Group, three of their employees, the Mine Safety and Health Administration (MSHA), and MSHA employees Gerald Sloce and Kenneth Howard, the District Manager for MSHA in the area including McLure, Virginia. Dissatisfied with the scope of a complaint which MSHA filed with the Federal Mine Safety and Health Review Commission (the Commission) on his behalf, Wagner filed his own complaint with the Commission, alleging, inter alia, that MSHA's Inspector Sloce caused Wagner's discharge by informing Wayne Fields and Clinchfield Coal of Wagner's identity after Wagner reported the safety violation to Sloce during the June 23, 1987 mine inspection, and that MSHA conspired with mine owners such as the Pittston Coal Group to discriminate against miners who reported safety violations to MSHA.
 
 
 6
 Clinchfield Coal reinstated Wagner with back pay pursuant to a union arbitration hearing, and the parties ultimately settled MSHA's discrimination complaint against Clinchfield Coal, the Pittston Coal Group, and their employees pursuant to approval of the settlement agreement by an Administrative Law Judge (ALJ). Consequently, only the federal respondents remained in Wagner's cause of action.
 
 
 7
 On interlocutory review by the full Federal Mine Safety and Health Review Commission on June 6, 1990, the Commission dismissed all claims against the federal respondents. A majority of the Commission held that neither MSHA nor its employees can be sued under section 105(c) of the Mine Act. However, two commissioners dissented in part, concluding that, while MSHA and its agents cannot be liable under the Mine Act, individual employees of MSHA could be liable for discrimination in violation of section 105(c) if they exceeded the scope of their statutory authority. The dissenting commissioners expressed no opinion as to whether the conduct detailed in Wagner's complaint exceeded the MSHA employees' statutory authority, but would have remanded the case to the ALJ for further analysis.
 
 
 8
 Wagner filed a petition for review with the Fourth Circuit Court of Appeals on February 2, 1991. Wagner argues that the MSHA employees named in his complaint may be individually liable for violating section 105(c).
 
 III.
 
 9
 Section 105(c) provides in pertinent part, "No person shall ... discriminate against ... or cause discrimination against ... any miner ... because such miner ... made a complaint ... related to this chapter...." 30 U.S.C. § 815(c)(1) (emphasis added). At issue is whether the term "person" under the Mine Act can be construed to include MSHA employees such as Inspector Gerald Sloce and District Manager Kenneth Howard.
 
 
 10
 The Mine Act defines "person" without reference to governmental entities, stating the term includes "any individual, partnership, association, corporation, firm, subsidiary of a corporation, or other organization." 30 U.S.C. § 802(f). Moreover, the term "person" does not usually refer to the sovereign, and statutes employing the term are thus ordinarily construed to exclude the sovereign. E.g., Int'l Primate Protection League v. Tulane Educ. Fund, 59 U.S.L.W. 4424, 4426 (1991) (quoting Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989)). See also United States v. Cooper Corp., 312 U.S. 600, 605 (1941). Finding no indication in the statutory framework of an intent by Congress to depart from the accepted usage of the term "person," the court concludes that MSHA employees acting within the scope of their authority are agents of the sovereign, and therefore cannot be liable under section 105(c).
 
 
 11
 The court next examines whether the MSHA employees in the instant case acted so far outside the scope of their statutory authority as to become "persons" who may be individually liable for violating section 105(c). Though conceding that Inspector Sloce exercised poor judgment in informing Wayne Fields and Clinchfield Coal that Petitioner Wagner reported the violation, MSHA properly notes that the Mine Act, 30 U.S.C. § 815, contains no statutory guarantee of confidentiality regarding the identity of miners who inform MSHA of safety violations. In the absence of a statutory prohibition against such disclosure, there is no sound basis for the court to conclude that Inspector Sloce exceeded the bounds of his statutory authority by communicating Wagner's identity to Wayne Fields and Clinchfield Coal.
 
 
 12
 The Federal Tort Claims Act (FTCA) applies to injuries resulting from the wrongful acts or omissions of government employees acting in the scope of their employment. See 28 U.S.C. § 2679(b)(1). But even were the court to determine that, because the Mine Safety and Health Act prescribes no specific remedies for the alleged wrongs of MSHA employees acting inside the scope of their authority, Congress intended the traditional principles governing FTCA liability to apply to the section 105 enforcement procedures, that determination would not benefit Wagner's position. As recently stated, whether an employee's acts fall within the scope of his employment pursuant to the FTCA is to be determined according to the rules of respondeat superior in the state where the alleged wrong occurred. Johnson v. Carter, --- F.2d ----, No. 90-3077, 1991 WL 119254, at*3 (4th Cir.1991). In Virginia, the test is whether the act was fairly and naturally incident to the employer's business, was done while the employee was engaged in the employer's business, and was done with a view to further the employer's business. Roughton Pontiac Corp. v. Alston, 372 S.E.2d 147, 148 (Va.1988). Scope of employment is determined from the surrounding circumstances, including character of the employment, nature of the wrongful deed, time and place of its commission as well as the purpose of the act. E.g., Abernathy v. Romaczyk, 117 S.E.2d 88, 92 (Va.1960). Here, a MSHA inspector's statement to a Clinchfield Coal official, made during a physical inspection of a mine, that a certain miner had pointed out the safety violation which the inspector intended to cite is not an act permitting this court to conclude that the inspector acted outside the scope of his employment and in an individual capacity. Under a traditional FTCA analysis, then, Sloce remains an agent of the sovereign not liable under section 105(c).
 
 IV.
 
 13
 Accordingly, the decision of the Federal Mine Safety and Health Review Commission is hereby
 
 
 14
 AFFIRMED.